UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 06-20163-CR-KING



UNITED STATES OF AMERICA,
   Plaintiff,

vs.

GLORIA HEDMAN,
   Defendant.
           /

## ADDENDUM TO JUDGMENT AND COMMITMENT ORDER

  On October 5, 2006, the Defendant GLORIA HEDMAN appeared before this Court for her sentencing hearing. Prior to this hearing, this Court reviewed the presentence investigation report, the addenda to the report as well as the objections of the parties to the calculation of the advisory sentencing guideline range. As an initial matter, this Court recognizes its obligation to correctly calculate the advisory sentencing guideline range and to consider the sentence suggested by the guidelines as well as adhere to the sentencing principals set forth in 18 U.S.C. § 3553(a). *See United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005). Accordingly, this Court's analysis begins with the calculation of the advisory sentencing guidelines which are applicable to this case.

  The original presentence investigation report based Defendant's sentencing guideline calculation on U.S.S.G. § 2D1.12(a)(1).[1] The application of this section, together with the enhancements which were determined to be applicable, resulted in a total offense level of 16. This offense level, when combined with Defendant's criminal history category of III, resulted in an advisory sentencing guideline range of 27 to 33 months. (See PSI paragraph 85).

---

  [1]U.S.S.G. § 2D1.12 is entitled Unlawful Possession, Manufacture, Distribution, Transportation, Exportation, or Importation of Prohibited Flask, Equipment, Chemical, Product, or Material; Attempt or Conspiracy.

The government objected to this sentencing guideline calculation and urged this Court to find that the appropriate sentencing guidelines section is § 2D1.8[2] which cross-references U.S.S.G. § 2D1.1 and the offense level which is applicable to the underlying controlled substance offense. The Second Addendum to the presentence report, which adopted the government's position regarding the advisory sentencing guideline calculation, notes that the offense level from the quantity of methamphetamine which is applicable to this case corresponds to a level 6; however, § 2D1.1(b)(6)(B) increases the base offense level to 27 if the offense (I) involved the manufacture of methamphetamine, and (ii) created a substantial risk of harm to human life. The application of this section provides for an advisory sentencing guideline range of 87 to 108 months.

This Court notes that unlike her co-defendant, this Defendant was *not* charged with manufacturing and attempting to manufacture methamphetamine (Count III) or knowingly and intentionally manufacturing and attempting to manufacture methamphetamine and in doing so creating a substantial risk of harm to human life (Count IV). Instead, the government elected to charge Defendant only with possession of chemicals, products, and materials that *may be used* to manufacture a controlled substance, knowing, intending, and having reasonable cause to believe that such chemicals, products, and materials *would be used* to manufacture a controlled substance (Count I) and that she did knowingly, intentionally lease, rent, use, and maintain a place that is, a premises for the purpose of manufacturing, distributing, and using a controlled substance, that is methamphetamine (Count II) in violation of 21 U.S.C. §§ 843 and 856(a)(1) respectfully (emphasis supplied).

---

[2] § 2D1.8 is entitled Renting or Managing a Drug Establishment; Attempt or Conspiracy.

This Court finds that the conduct with which the Defendant was charged, although criminal, constitutes acts which might take place in the future. Count I specifically references the words "would" and "could". Count II discusses leasing a premises "for the purpose of". Counts III and IV of the indictment, in which this Defendant is not charged, constitute an accomplished criminal act to which the solely charged co-defendant plead guilty and has been sentenced. The government elected not to charge this Defendant with the conducted enumerated in Counts III and IV. Accordingly, this Court finds and concludes that it is inappropriate to base her advisory sentencing guidelines on criminal conduct and actions for which she was not charged or convicted.

Accordingly, this Court finds that the Sentencing Guidelines which are applicable to this Defendant's case are those as delineated in her original presentence investigation report and that the advisory sentencing guideline range is 27 to 33 months.

Having calculated the advisory sentencing guideline range, this Court now turns to the sentencing factors enumerated in 18 U.S.C. § 3553(a). This section provides in applicable part:

> The Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The Court, in determining the particular sentenced to be imposed, shall consider -
>
> (1) the nature and circumstances of the offense and the history and characteristics of the Defendant;
>
> (2) the need for the sentence imposed;
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;

      (C)    to protect the public from further crimes of the Defendant; and

      (D)    to provide the Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Pursuant to this section, this Court recognizes that it may exercise its discretion in determining the appropriate and reasonable sentence to be imposed in this case in light of the sentencing guidelines as well as the factors enumerated above. Having duly considered the advisory sentencing guideline range, the factors enumerated in 18 U.S.C. § 3553(a), the presentence investigation report and the addendum thereto as well as the argument of counsel, this Court finds and concludes that a sentence of 27 months adequately addresses all of the above mentioned factors and is the appropriate sentence to impose in this case.

Additionally, this Court notes that if on review it is determined that the sentencing guidelines were as suggested by the government, i.e. a sentencing guideline range of 87 to 108 months predicated upon the provisions of U.S.S.G. § 2D1.1, this Court still finds in consideration of 18 U.S.C. § 3553(a) that a sentence of 27 months is both reasonable and appropriate based upon the facts and circumstances of this case.

**DONE AND ORDERED** at Miami, Florida this __11__ day of October, 2006.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc:    Stewart G. Abrams, AFPD
        Marcus Christian, AUSA
        Tracey Webb, USPO
        U.S. Marshal (Certified)